IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LUZ M. WILLIAMSON,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | EP-15-CV-237-PRM |
| | §<br>§ | |
| PAY AND SAVE, INC.,<br>    Defendant. | §<br>§ | |

## ORDER REMANDING CAUSE

On this day, the Court considered Plaintiff Luz M. Williamson's "Motion to Remand" (ECF No. 7) [hereinafter "Motion"], filed on September 14, 2015, and Defendant Pay and Save, Inc.'s "Response to Plaintiff's Motion to Remand" (ECF No. 9) [hereinafter "Response"], filed on September 23, 2015, in the above-captioned cause. After due consideration, the Court is of the opinion that Plaintiff's Motion should be granted.

I.   FACTUAL AND PROCEDURAL BACKGROUND

As alleged in her Original Petition ("Petition"), Plaintiff worked for Defendant Pay and Save, Inc. as an Assistant Manager beginning on or about May 21, 2000. Mot. Ex. 1, at 2. Plaintiff alleges that Defendant "discriminated and retaliated against [her] on the basis of national origin, race, and age in violation of Chapter 21 of the Texas Labor Code." *Id.*

Specifically, Plaintiff alleges that "[o]n various occasions, Store Manager David Menchaca told Plaintiff that he was looking to replace all of the older female employees with young females[,] since the young female employees will not give him any problems." *Id.* Plaintiff further alleges that Menchaca told Plaintiff "that he was going to get rid of all of the "chilangos"—"a Spanish derogatory term used when referring to individuals of Plaintiff's national origin." *Id.* "Plaintiff also believes that she was retaliated against for having reported Ernesto Monarez, Assistant Manager[,] for trying to steal store merchandise from the store in the past." *Id.* Finally, Plaintiff alleges that Menchaca terminated her on or about November 26, 2014. *Id.*

Plaintiff filed suit against Defendant Pay and Save, Inc., on June 5, 2015, in the 448th Judicial District Court of El Paso County, Texas. Notice Removal 1. In her state-court Petition, Plaintiff alleges that she filed a complaint with the Texas Workforce Commission, Civil Rights Division, more than 180 days before filing suit and that "[a]ll conditions precedent to the filing of [the] lawsuit have been met." Mot. Ex. 1, at 2–3. Defendant then filed its "Plea to the Jurisdiction, Original Answer, and Affirmative Defenses" [hereinafter "Plea to the Jurisdiction"] in state

2

court. Resp. Ex. 2. In its Plea to the Jurisdiction, Defendant alleges that the state court did "not have subject matter jurisdiction over Plaintiff's Chapter 21 claims because she ha[d] not exhausted her administrative remedies" but, rather, had only provided an unsubstantiated statement that she has exhausted said remedies. *Id.* at 1–2.

Plaintiff then filed her "Response to Defendant's Plea to the Jurisdiction," on August 7, 2015, in which Plaintiff avers that she filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") on December 1, 2014. Mot. Ex. 3, at 2. In this first Charge, Plaintiff alleges that she was "discriminated and retaliated against because of [her] race, white, [and her] national origin, Mexican[,] in violation of Title VII of the Civil Rights Act of 1964, and because of [her] age, 51, in violation of the Age Discrimination in Employment Act of 1967." Mot. Ex. 4. On February 15, 2015, Plaintiff filed an additional Charge of Discrimination with the EEOC, alleging that Defendant discriminated against her on the basis of sex. *Id.* The state court held a hearing on Defendant's Plea to the Jurisdiction on August 10, 2015. Resp. 2. At the hearing, Plaintiff introduced the Charge as an exhibit. Resp. Ex. 4.

Defendant filed its "Notice of Removal" (ECF No. 1) on August 13, 2015, in which Defendant relies on federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, as a basis for removal. Notice Removal 1:

> Removal of this case is based upon claims arising under federal law and involve federal questions as referenced in Plaintiff's Charge and incorporated into the State Court Action by Plaintiff in support of her Petition to avoid dismissal, where she alleges claims under Title VII of the Civil Rights Act of 1964 . . . and the Age Discrimination in Employment Act of 1967 . . . .

*Id.* at 4. Defendant alleges that it timely filed for removal within 30 days after it "was made aware of Plaintiff's reliance upon the EEOC Charge and federal law to support her claims." *Id.* at 3; Resp. 2. Further, Defendant alleges that

> Plaintiff's reliance on the Charge for her exhaustion of administrative remedies and her reference to the Charge in her Petition and her Response to Defendant's Plea to the Jurisdiction, both in written form and by her express actions at the Hearing incorporate her Title VII and ADEA claims as a part of her Petition for all purposes.

Notice Removal 4. Plaintiff contends that the case should be remanded because Defendant's removal was untimely and because the case "[d]oes not arise under federal law" but, rather, has "always . . . been an

4

employment suit brought under Chapter 21 of the Texas Labor Code between two citizens of Texas." Mot. 3.

## II. LEGAL STANDARD

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). And, "[a]bsent diversity jurisdiction, federal-question jurisdiction is required."[1] *Id.* "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*; *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001). "The plaintiff is the master of her complaint, and as such, [a] determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." *Medina*, 238 F.3d at 680 (alteration in original) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)) (internal quotation marks omitted). "When a plaintiff has a choice between federal and state law claims, she may proceed in state

---

[1] In this case, both Plaintiff and Defendant are citizens of Texas and there is, therefore, no diversity jurisdiction.

court on the *exclusive* basis of state law, thus defeating defendant's opportunity to remove." *Id.*

Pursuant to 28 U.S.C. § 1447(c), if a district court determines "at any time before final judgment . . . that [it] lacks subject matter jurisdiction, the case shall be remanded." It is, moreover, the removing party that "bears the burden of establishing that federal jurisdiction [lies]." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Federal courts strictly construe the removal statutes, "and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

Finally, pursuant to 28 U.S.C. § 1447(c), if a federal district court issues an order remanding a case, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "To determine objective reasonableness, [the Court] must examine, *inter alia*, the relevant case law on subject-matter jurisdiction at the time of removal." *CamSoft Data*

*Sys., Inc. v. S. Elec. Supply, Inc.*, No. 15-30133, 2015 WL 5530262, at *4 (5th Cir. Sept. 21, 2015) (internal quotation marks omitted).

### III. ANALYSIS

#### A. Remand

The Court agrees with Plaintiff that removal was improper and will remand the case. Plaintiff does not present a federal question on the face of her well-pleaded complaint. Plaintiff's Petition alleges that Defendant discriminated against her in violation of Chapter 21 of the Texas Labor Code. Mot. Ex. 1, at 2. Plaintiff is the master of her complaint, and by alleging claims pursuant to the Texas Labor Code, and not Title VII (the federal analog to Chapter 21 of the Texas Labor Code), Plaintiff defeated Defendant's opportunity to remove. Defendant's attempt to read federal claims into Plaintiff's Petition is unavailing.

Pursuant to Federal Rule of Civil Procedure 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Here, Plaintiff did not reference the Charge in her Petition, nor did she attach the Charge to her Petition. Rather, Plaintiff introduced her Charge as an exhibit at a state court hearing regarding Defendant's Plea to the Jurisdiction. Resp. Ex. 4, at 19.

Because Plaintiff did not attach her Charge as an exhibit to any of Plaintiff's pleadings, this document did not become a part of those pleadings. *See Dupre v. Family Dollar Stores of La.*, No. 6:15-cv-01432, 2015 WL 3791705, at *3 (W.D. La. 2015) (similarly granting the plaintiff's motion to remand where the plaintiff's EEOC charge "was neither referenced in nor attached to the petition").

Defendant argues that *Davoodi v. Austin Independent School District* supports its assertion that Plaintiff's reliance on the Charge incorporated federal claims into her Petition. Notice Removal 4; Resp. 4 (citing 755 F.3D 307, 309–10 (5th Cir. 2014)). However, the Court agrees with Plaintiff that *Davoodi* is distinguishable. In *Davoodi*, the plaintiff "attached and fully incorporated the [EEOC] Charge into his complaint." *Davoodi*, 755 F.3d at 310. The Fifth Circuit Court of Appeals, relying on Federal Rule of Civil Procedure 10(c), held that the charge "became a part of his complaint for all purposes." *Id.* Therefore, the *Davoodi* court held that the plaintiff's "'well-pleaded complaint' included the assertion that he 'ha[d] been and continue[d] to be discriminated against, in violation of Title VII of the 1964 Civil Rights Act,'" as alleged in the plaintiff's EEOC charge. *Davoodi*, 755 F.3d at 310. Here, Plaintiff's Charge, and the

8

allegations therein, did not become a part of her Petition. Therefore, Plaintiff does not raise a federal question in her Petition.

Furthermore, the fact that Plaintiff relied on her Charge to prove that she exhausted her administrative remedies does not create federal question jurisdiction. *See Rodriguez v. Conagra Foods, Inc.*, No. 4:02-cv-752-A, 2002 WL 31548746, at *2 (N.D. Tex. Nov. 12, 2002) (concluding that the defendant's "argument that the EEOC charge magically transform[ed] plaintiff's petition into one asserting federal claims lack[ed] merit"). Pursuant to a Worksharing Agreement between the EEOC and the Texas Commission on Human Rights ("TCHR"), each agency is "the other[s] . . . agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges." *Velma v. Eureka Co.*, 218 F.3d 458, 462 (5th Cir. 2000).[2] Accordingly, "when a complainant files her initial charge with the EEOC, her charge will also be considered filed with the TCHR." *Id.* at 462–63.

---

[2] In its Response, Defendant contends that Plaintiff's reliance on *Velma* is misplaced because the case does not support Plaintiff's position. Resp. 4, n. 1. Specifically, Defendant argues that *Velma* "stands for the proposition that a federal right to sue has no bearing on the question of Texas state law exhaustion." *Id.* The Court will not opine regarding whether Plaintiff has satisfied the administrative prerequisites for filing suit in state court. Rather, the Court is only considering whether the Court has subject matter jurisdiction to adjudicate Plaintiff's claims.

Reading federal claims into Plaintiff's Petition because she filed a charge with the EEOC "would have the effect of converting nearly every discrimination claim filed in [Texas] into a question of federal law." *See Kay v. Friendly's Ice Cream, LLC*, No. 14-cv-14062-IT, 2014 WL 7361243, *at 1 (D. Mass. Dec. 23, 2014) (similarly holding that removal was improper where a plaintiff filed a Charge of Discrimination with the EEOC but alleged only state-law discrimination claims in her complaint). "Such a rule would improperly eradicate a plaintiff's role as 'master of [her] claim.'" *Id.* (alteration in original). Ultimately, a plaintiff's reliance on an "administrative complaint that states a federal-law claim" to exhaust her administrative remedies "does not create federal-question jurisdiction where the pleadings otherwise do not reference federal law." *Id.*

Therefore, the Court finds that there is no federal question present on the face of Plaintiff's Petition, and that removal was, therefore, improper. Because there was no proper basis for removal, the Court will decline to pass judgment on the timeliness of Defendant's removal.

## B. Attorney's Fees

As noted above, 28 U.S.C. § 1447(c) permits an award of attorney's fees "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. The Court finds that the Defendant did not lack "an objectively reasonable basis for seeking removal." *See id.* While Defendant was ultimately incorrect in relying on *Davoodi*, it was not unreasonable for Defendant to argue for an expansive reading of *Davoodi* so as to encompass the present case. Indeed, the Court notes that the majority of pre-*Davoodi* case law—in which plaintiffs alleged state law claims, but referenced or attached their EEOC charges to their petitions—resulted in remand. *See Dupre*, 2015 WL 3791705, at *3 (collecting cases granting remand where "the complaints stated facts that would support a Title VII claim, contained references and/or . . . substantial inferences to Title VII . . . and pled exhaustion of administrative remedies necessary to bring a Title VII claim"). However, the Fifth Circuit Court of Appeals recently decided *Davoodi*, which overturned the district court's order remanding the case and provided hope for Defendants that subject matter jurisdiction might exist where a

11

plaintiff relies on her EEOC charge to support her claims. *See Davoodi*, 755 F.3d at 310.

As noted above, *Davoodi* held that the district court had subject matter jurisdiction where, unlike here, the plaintiff attached his EEOC charge to his petition. *Id.* Defendant would read *Davoodi* to be applicable to cases like the instant one, where a plaintiff does not attach her EEOC charge to her petition but relies on the charge to prove the exhaustion of administrative remedies and to "support . . . her petition." *See* Notice Removal 4. For the reasons set forth above, the Court finds that *Davoodi* is distinguishable and does not encompass such cases. However, the Court also finds that an award of attorney's fees is not warranted in this case.

## IV. CONCLUSION

The Court concludes that no subject matter jurisdiction lies over the above-captioned cause.

Accordingly, **IT IS ORDERED** that Plaintiff Luz M. Williamson's "Motion to Remand" (ECF No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Luz M. Williamson's request for "costs, expenses, and attorney's fees pursuant to 28 U.S.C. § 1447(c)" is **DENIED**.

**IT IS FURTHER ORDERED** that the above-captioned cause is **REMANDED** to the 448th Judicial District Court of El Paso County, Texas, under Cause Number 2015-DCV-1842.

**IT IS FURTHER ORDERED** that the Court will maintain jurisdiction of the issue of attorney's fees pursuant to 28 U.S.C. § 1447(c).

**IT IS FINALLY ORDERED** that all pending motions before the Court, if any, are **DENIED AS MOOT**.

SIGNED this __9__ day of **October, 2015**.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE